# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1295V**

| | |
|---|---|
| CARMEN ALFARO BALCACERES,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 22, 2026 |

*Joseph S. Baglieri, Siri & Glimstad, LLP, Chicago, IL, for Petitioner.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On August 22, 2024, Carmen Alfaro Balcaceres filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus, diphtheria, acellular pertussis ("Tdap") vaccination administered to her on August 15, 2023. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 23, 2026, Respondent filed an amended Rule 4(c) Report indicating that he no longer wished to defend the case and requesting that the Court enter a ruling on

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the record regarding petitioner's entitlement to compensation. ECF No. 26. On September 18, 2026, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 28.

On September 21, 2026, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,000.00 in pain and suffering and $494.88 to satisfy the Maryland Department of Health Medicaid lien. Proffer at 2, ECF No. 30. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner**

**A. A lump sum payment of $55,000.00 for pain and suffering to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

**B. A lump sum payment of $494.88, representing compensation for satisfaction of the Maryland Department of Health/Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

**Machinify**
**ATTN: Subrogation Reference No. 184915254**
**P.O. Box 2000**
**La Grange, KY 40031-2000**

This amount represents compensation for all damages that would be available under Section 15(a). *See id.*

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

CARMEN ALFARO BALCACERES,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 24-1295V
Chief Special Master Corcoran
ECF

**PROFFER ON AWARD OF COMPENSATION**[1]

On August 22, 2024, Carmen Alfaro Balcaceres ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she sustained a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus, diphtheria and acellular pertussis ("Tdap") vaccination she received on August 15, 2023. Petition at 1. On July 23, 2026, the Secretary of Health and Human Services ("respondent") filed an amended Rule 4(c) Report indicating that he no longer wished to defend the case and requesting that the Court enter a ruling on the record regarding petitioner's entitlement to compensation. ECF No. 26. On September 18, 2026, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 28.

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

## I. Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$55,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the Maryland Department of Health Medicaid lien in the amount of **$494.88**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Maryland Department of Health or Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., may have against any individual as a result of any Medicaid payments the Maryland Department of Health or Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about August 15, 2023, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award/Recommended Payments

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of **$55,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Carmen Alfaro Balcaceres; and

B. A lump sum payment of **$494.88** representing compensation for satisfaction of the Maryland Department of Health/Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

Machinify
ATTN: Subrogation Reference No. 184915254
P.O. Box 2000
La Grange, KY 40031-2000

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA COLLISON
Assistant Director
Torts Branch, Civil Division

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

/s/ Crystal Fialkowski
CRYSTAL FIALKOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-0786
Crystal.Fialkowski@usdoj.gov

Date: September 21, 2026

CERTIFICATE OF SERVICE

I certify that today, September 21, 2026, a copy of the foregoing pleading will be served by electronic mail to Joseph Baglieri at jbaglieri@sirillp.com.

/s/ Crystal Fialkowski